Thomas Creighton Shrader
Reg. No. 08691-088
Fed. Correctional Institution
P.O. Box 9
Mendota, California 93640

FILED
MAY 03 2022
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

RECEIVED
MAY 03 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

United States District Court
For The Eastern District Of California

Thomas Creighton Shrader,
　　　　Petitioner,

v.

M. Arviza, Warden, FCI Mendota,
　　　　Respondent.

Civil Action No. 1:22CV00528 SAB (HC)

28 U.S.C. §2241
Writ Of Habeas Corpus

## Writ Of Habeas Corpus

Comes now Petitioner, Thomas Creighton Shrader, hereinafter known as Shrader, and moves this Court to Grant this Writ and ORDER Shrader's immediate release due to his unlawful detention and confinement as set forth in 28 U.S.C. §2241(c)(3).

Shrader moves this court to liberally construe all of his filings, Haines v. Kerner, 404 US 519, 520; 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (Pro Se pleadings are held to a less stringent standard than those drafted by attorney's.)

## Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 2255(e),

whereas on March 7, 2022 S.C.O.T.U.S. construed 18 U.S.C. §924(e)(1) in *United States v. Wooden*, 20-5279 (2022) must be given retroactive effect per *Bousley v. United States*, 523 U.S. 614, 620-21, 140 L.Ed. 828, 118 S.Ct. 1604 (1998).

Shrader's Direct Appeal was denied in 2012, and his 28 U.S.C. §2255 Motion was denied in 2016.

## Facts

In a Second Superseding indictment returned by the Federal Grand Jury for the Southern District Court of West Virginia on June 8th, 2010 for Case No. 1:09-cr-00270 charged Shrader with three (3) Counts. Counts one (1) and two (2) were for stalking by mailing a single letter in violation of 18 U.S.C. §2261A(2), with count three (3) being for; Felon-in-possession of Firearm(s) in violation of 18 U.S.C. §922(g).

Shrader was tried by juries on all counts. In July 2010 a jury convicted Shrader of the Felon-in-Possession. In August 2010 another jury convicted Shrader of stalking for counts 1 and 2.

On November 18, 2010 at Shrader's sentencing guideline was 33-41 months. However, at sentencing the government introduced a Request for Shrader to be sentenced under the Armed Career Criminal Act, "18 U.S.C. §924(e)," due to Shrader having three (3) prior predicate felony convictions and introduced as evidence Shrader's guilty plea colloquy transcript from 1976 in McDowell County, West Virginia. As Government Exhibit No. 1 for Case No. 1:09-cr-00270.

Whereupon, the sentencing court was so fixated on sentencing Shrader to a term of 235 months on the enhanced A.C.C.A. sentence that the sentencing court failed to sentence Shrader at all on his convictions for count one (1) or count two (2) and sentenced Shrader solely on the enhanced gun charge. (See Exhibit "A" - which is page 36 from Shrader's filing by his court appointed attorney in Shrader's Writ Of Certiorari).

On March 7, 2022 the Supreme Court Of The United States in the case of; "*United States v. Wooden*, No. 20-5279 held;

what the A.C.C.A. statutory language, "on occasions different from one another" meant.

In which Wooden had received an A.C.C.A. enhanced sentence based on him breaking into a self-storage building and burgled ten seperate units within one hour from start to finish. The sentencing court counted each burglary as a "occasion" different from one another based on his state convictions for ten (10) burglaries.

Justice Kagan writing for the court first explained that according to its ordinary meaning an occasion is "essentially an episode or event. If one learned about Wooden's burglary spree," "they would say; 'On one occasion, Wooden burglarized ten units in a storage facility.' A person would not say, 'On ten occasions Wooden burglarized a unit in the facility. Nor would the average person describe Wooden breaking into each seperate unit as its own independent occasion. Indeed, one need only turn to the dictionary to confirm this to be true, as the word occasion 'commonly refers to an event, occurrence, happening, or episode'".

Wooden's successive burglaries occurred on one "occasion" under a natural construction of that term. For example, the occasion of a wedding may include a ceremony, cocktail hour, dinner, and dancing. Those activities need not and often do not occur simultaneously; yet they nevertheless compose one occasion. The same is true for sequential criminal offenses.

The Government's contrary view that each sequential offense forms its own "occasion" can make someone a career offender in the space of a minute. But that view goes far toward collapsing ACCA's two separate statutory conditions for imposing an enhanced penalty on a section 922(g) offender. ACCA's enhancement kicks in only if (1) the offender has three previous convictions for specified felonies; and (2) those predicate felonies were committed on "occasions different from one another," Section 924(e)(1). The Government's approach would largely collapse the two conditions and give ACCA's three-occasions requirement no work to do.

Whereupon, the court vacated Wooden's A.C.C.A. enhanced sentence and ruled his ten (10) burglaries occurred on only one occasion and not ten occasions unto themselves.

## Issue

Pursuant to the courts decision in Wooden supra, Shrader is incarcerated falsely on three felony's that were committed on one (1) occasion and not three "seperate" occasions, and is actually innocent.

## Argument

Enclosed herein and marked as Exhibit "B" is selected pages from the Governments "Exhibit No. 1", (from Shrader's guilty plea colloquy from 1976 on Three West Virginia indictments from a criminal act).

In July 1976 in a house Shrader shot three persons within seconds of each other. From begining to end this criminal episode took less than one (1) minute.

Exhibit "B" is made up of five (5) pages which consist of; The cover page, (Page I.D. #2635); page 62, (Page I.D #2696); page 63 (Page I.D #2697); Page 64 (Page I.D #2698) and page 85 (Page I.D #2719).

The West Virginia prosecutor for McDowell County was Harry G. Camper Jr. who on pages 62, 63 and 64 at the guilty plea colloquy made the court aware of the fact all three (3) of Shrader's indictments for criminal charges were from a single criminal event or episode.

On page 62, Mr. Camper cites the first indictment from this shooting in which Howard William Adams Jr. died from a gun shot.

On page 63 in the last paragraph Mr. Camper states to the court;

> "...there is another indictment in this case arising out of the same facts and circumstances, which charges the defendant with the murder at the same time and the same circumstances of one Geneva Miller..."

Then on page 64, Mr. Camper states;

> "There is another indictment arising out of the

<u>same facts</u> and <u>circumstances and occurrence</u> which charges the defendant, Thomas Creighton Shrader, on the same day with malicious wounding or shooting John Kowaleski..."

On November 18, 2010 the Federal Judge used the prior listed three felony conviction's to enhance Shrader's sentence under 18 U.S.C. §924(e)(1) for prior felony convictions from the Government's Exhibit No. 1 from pages 62, 63, and 64 clearly proved that Shrader's Three felony convictions were from <u>one criminal episode</u> on July 16, 1975, and <u>were</u> not "committed on occassions different from one another", as Required by 18 USC §924(e)(1) to qualify for an A.C.C.A. enhanced sentence.

These pages from the 1976 guilty plea colloquy clearly prove Shrader's prior three (3) felony convictions were committed during one criminal episode and occassion and not three felonies committed on occassions different from one another.

Just like Wooden, one occassion for ten (10) burglaries. Shrader - one occassion, shot Three (3) persons in which two (2) died. But pursuant to the Supreme Courts holding and ruling in <u>Wooden</u> under the A.C.C.A., 18 USC §924(e)(1) can only be counted as one (1) "occassion" and not Three (3), as the court at sentencing did illegally, to Shrader.

Therefore, per Wooden supra, Shrader does Not have the required prior three (3) predicate felonies for an enhanced A.C.C.A. sentence under 18 USC §924(e)(1), and is Actually innocent of being an Armed Career Criminal as the sentencing court found Shrader guilty of being an Armed Career Criminal.

The ruling in <u>Wooden</u> supra, clarified the interpretation of the A.C.C.A. language of, "on occasions different from one another". Which is very applicable to Shrader's case and conviction as an Armed Career Criminal, and "proves" under the Wooden decision Shrader is not an Armed Career Crimal and is therefore actually innocent and illegally imprisoned.

## Relief

Shrader moves this court, based on United States v. Wooden, No. 20-5279 (S.Ct. March 7, 2022), he is no longer a Armed Career Criminal, and therefore request this court to immediately GRANT this Writ Of Habeas Corpus and ORDER Shrader's immediate release with all his property and "legal materials and papers" to be mailed/shipped insured back to Shrader's destination in West Virginia.

With Shrader provided with an airplane ticket and funds for bus or taxi from the airport in West Virginia to his residency.

As stated in the text of "Exhibit 'A'" (as stated by Shrader's appellant attorney) on page 36 of Shrader's Writ Of Certiorari;

> "...guideline range in the record comes from Shrader's sentencing memorandum (because he argued that the ACCA did not apply), in which he argued that the correct range was 33 to 41 months in prison. J.A. 949"

As of this date Shrader has been continuously imprisoned since November 13, 2009 for a total of more than twelve years and five months, (12 yrs. and 5 months) not including Shrader's earned Good Time Credits of over twenty-two (22) months for a total of over fourteen (14) years and two (2) months. (See Exhibit "C")

Due to the sentencing courts erroneous application of 18 USC §924(e)(1) to Shrader's 18 USC §922(g) conviction.

Arguendo, under Shrader's original guideline range of 33-41 months, even at the maximum of 41 months with Good Time Credits, Shrader would have only been imprisoned 36 months, and not more than 41 months if he failed to earn Good Time Credits.

Even at the maximum of 41 months - Shrader has done a total of one hundred forty nine (149) months. Over one hundred and eight (108) months more than required! (Emphasis Added).

Shrader, respectfully moves for this Writ to receive

immediate expeditious action to facilitate Shrader's immediate release. With the appointment of counsel to legally represent Shrader in this action and all request of Relief, personal property, legal papers and documents, and funds provided by the U.S. government, for travel. For this Shrader shall ever pray.

All content within this 28 U.S.C. §2241 Writ Of Habeas Corpus is true and correct to the best of filer's knowledge and memory.

Respectfully Submitted,

*Thomas Creighton Shrader*
Thomas Creighton Shrader
Reg. No. 08691-088
Fed. Correctional Institution
P.O. Box 9
Mendota, California
93640

This 29th day of April 2022.

As a result of its erroneous ACCA determination, the district court made two other fundamental errors in the imposition of Shrader's sentence that frustrate any harmless error analysis. First, it failed to properly calculate the advisory Guideline ranges applicable to Shrader's various offenses of conviction if the ACCA enhancement did not apply. In the presentence investigation report, the probation officer calculated the offense level for Shrader's two stalking convictions. J.A. 1213. However, those were overshadowed by the ACCA designation. J.A. 1214. Nonetheless, Shrader objected to the calculation of both the stalking offense level and the ACCA determination, as well as the determination of Shrader's non-ACCA Criminal History Category. J.A. 943-949, 1222. Although the district court at sentencing initially indicated that it would "address those objections here this morning," J.A. 1003, it concluded that the ACCA enhancement's application "disposes of those objections which were made to the offense level as well as those objections that were made relative to criminal history points." J.A. 1030-1031. <u>Second, the district court did not explain how the sentence of 235 months was apportioned between the three counts on which Shrader was convicted. In fact, it did not explicitly impose sentence on Counts One and Two at all, such was the fixation on the ACCA determination and its impact on sentencing.</u>

In the modern sentencing context, it is a "significant procedural error" to "fail[] to calculate (or improperly calculate) the Guidelines range." *Gall*, 552 U.S. at 51. In this case, the district court failed to calculate the Guideline range at all without regard to the ACCA designation. The only alternate Guideline <u>range in the record comes from Shrader's sentencing memorandum (because he argued that the ACCA did not apply), in which he argued that the correct range was 33 to 41 months in prison</u>. J.A. 949. The ACCA-driven 235-month sentence imposed on Shrader was a within-the-Guidelines sentence, and therefore entitled to a presumption of reasonableness on appeal. *United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006). However, the same sentence, imposed based on a maximum recommended Guideline sentence of 41 months, would be a variance of nearly 575% and would require great scrutiny from any court on appeal. In cases where the district court "decides that an outside-Guidelines sentence is warranted, [it] must

Exhibit "A"

IN THE CIRCUIT COURT OF McDOWELL COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,                                              PLAINTIFF,

RECEIVED & FILED
MAR 1 1976
Cecil W. Wilson, Clerk
DEPUTY

VS:                    For a Murder

THOMAS CREIGHTON SHRADER,                                            DEFENDANT.

Transcript of the proceedings held in the case of State of West Virginia versus: Thomas Creighton Shrader, before the Honorable Jack Marinari, Judge of the Circuit Court of McDowell County, West Virginia, on January 20, 1976.

APPEARANCES:

For the State:

HARRY G. CAMPER, JR., ESQUIRE
Prosecuting Attorney of McDowell County
Welch, West Virginia

WADE T. WATSON, ESQUIRE
Assistant Prosecuting Attorney of said County
Welch, West Virginia

For the Defendant:

NORRIS KANTOR, ESQUIRE
GUY PERKINS, ESQUIRE
Katz, Kantor, Katz and Perkins
Attorneys at Law
Bluefield, West Virginia

GOVERNMENT EXHIBIT
11/18/2010
CASE NO. FD-9-CR-270
EXHIBIT NO. 1

Defendant, Thomas Creighton Shrader, in person

Exhibit T
"B" pg 1 of 5

Case 1:22-cv-00528-SAB Document 11 Filed 05/03/22 Page 10 of 28 PageID #: 2696
Case 1:09-cr-00270 Document 339-8 Filed 11/19/10 Page 2 of 2 PageID #: 2696

62

ONE O'CLOCK, P. M.

At the request of counsel for both sides, the jury retired to the jury room and the trial was in recess until 1:55 o'clock, P. M., and at this time the following proceedings were had in the presence of the Court, but in the absence of the jury.

BY THE COURT:

Ready to proceed?

BY MR. CAMPER:

If Your Honor please, in the case before the Court at this time, in the indictment against the defendant, Thomas Creighton Shrader, for the murder of Howard William Adams, Jr., myself and Mr. Watson on behalf of the State, and Mr. Kantor and Mr. Perkins for the defendant, have been discussing possible pleas in the case, and as a result of the discussions it's our understanding in this case that the defendant at this time desires to change his plea from not guilty to a plea of guilty of murder in the first degree as charged in the indictment in this case, with the recommendation for mercy. Under the circumstances, Your Honor, and after talking with the investigating officers, conferring with my staff and thoroughly reviewing the case, and particularly in the light of the defense imposed in this case, a primary defense of insanity,

Case 1:22-cv-00528-SAB   Document 1   Filed 05/03/22   Page 11 of 14
Case 1:09-cr-00270   Document 339-8   Filed 11/19/10   Page 3 of 25 PageID #: 2697

63

not guilty by reason of insanity, and particularly in the light of the recent changes in the West Virginia law in this regard, which changed to some degree the old prevailing rule, this new rule being held in the case of State versus Grimm, which was decided by the Supreme Court of Appeals of West Virginia in April of 1973, and a copy of which opinion we have shown to the Court, the State would recommend the acceptance of this plea if the same is tendered. I further want to point out to the Court, and particularly in open court that in this case the defendant, pursuant to Court authority and Court order, has been examined by psychiatrists, as well as psychologists, who are all of reputable reputation, and it is because of the opinion of the psychiatrists and psychologists who would testify in this case that leads the State to believe that a verdict of first degree, or a judgment of murder in the first degree with a recommendation of mercy would be a fair judgment in this case, and one which a jury, based on this psychiatric-psychology testimony would well reach, and for that reason the State would recommend the acceptance of this plea in this case if the same is tendered.

Now if Your Honor please, there is another indictment in this case arising out of the same facts and circumstances, which charges the defendant with the murder at the same time and the same circumstances of one Geneva Miller, and we are

Case 1:22-cv-00528-SAB Document 1 Filed 05/03/22 Page 12 of 14
Case 1:09-cr-00270 Document 339-8 Filed 11/19/10 Page 4 of 25 PageID #: 2698

64

advised by counsel for the defendant that he is willing and wants to change his plea which he has heretofore entered in that case of not guilty, also to guilty to murder in the first degree, with the recommendation of mercy. For the reasons heretofore stated in the case now before the Bar, the State would recommend, if that plea is tendered, that it be accepted. Both of these pleas would result in the imposition of a life sentence upon the defendant. And further, with the recommendation that that particular sentence would run concurrent with the sentence imposed in this case, which would result in the two life sentences running concurrently.

There is another indictment arising out of the same facts and circumstances and occurrence which charges the defendant, Thomas Creighton Shrader, on the same day with malicious wounding or shooting of John Kowaleski, and in this particular case, Your Honor, the wound suffered by the victim in the case was a wound inflicted by a bullet but not too serious, and as a result of the negotiations, we understand that the defendant at this time would also desire to enter a plea to the crime charged in this indictment to a crime of unlawful wounding in the lower degree, with the recommendation that he be sentenced to twelve months in jail and fined One Hundred Dollars, and the State would recommend this to run concurrent with the other sentences.

Case 1:22-cv-00528-SAB   Document 1   Filed 05/03/22   Page 13 of 14
Case 1:09-cr-00270   Document 339-8   Filed 11/19/10   Page 25 of 25 PageID #: 2719

85

STATE OF WEST VIRGINIA,

COUNTY OF McDOWELL, TO-WIT:

I, Loraine Antonacci, Official Court Reporter of the Circuit Court of McDowell County, West Virginia, do hereby certify that the foregoing is a true and accurate transcript of all of the proceedings had in the case of STATE OF WEST VIRGINIA VERSUS: THOMAS CREIGHTON SHRADER, For a Murder, at the November, 1975 Term of said Court, on the 20th day of January, 1976, as the same was reported by me, mechanically and in shorthand.

Given under my hand on this 26th day of February, 1976.

_Loraine Antonacci_
Official Court Reporter

A TRUE COPY TESTE
FRANCINE SPENCER CLERK
BY _Venosa Anderson_

Exhibit
"B" pg 5 of 5

```
MENBA   542*22 *                SENTENCE MONITORING              *       04-27-2022
PAGE 001 OF 001 *                  GOOD TIME DATA                *        15:13:51
                                 AS OF  04-27-2022

REGNO...: 08691-088   NAME: SHRADER, THOMAS CREIGHTO
ARS 1...: MEN A-DES                                     PLRA
COMPUTATION NUMBER..: 010                        PRT   ACT DT:
LAST UPDATED: DATE.: 03-04-2020          FACL..: DSC    CALC: AUTOMATIC
UNIT................: A                  QUARTERS............: A01-125L
DATE COMP BEGINS....: 11-18-2010         COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 370                TOTAL INOP TIME.....: 0
CURRENT REL DT......: 09-03-2027 FRI     EXPIRES FULL TERM DT: 06-12-2029
PROJ SATISFACT DT...: 07-21-2026 TUE     PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                    ACTUAL SATISF METHOD:
DAYS REMAINING......:                    FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                    DEPORT ORDER DATED..:

---------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

  START         STOP        MAX POSSIBLE TO    ACTUAL TOTALS    VESTED    VESTED
  DATE          DATE        DIS     FFT         DIS    FFT      AMOUNT    DATE
 11-13-2009   11-12-2010     54      54
 11-13-2010   11-12-2011     54     108
 11-13-2011   11-12-2012     54     162
 11-13-2012   11-12-2013     54     216
 11-13-2013   11-12-2014     54     270
 11-13-2014   11-12-2015     54     324
 11-13-2015   11-12-2016     54     378
 11-13-2016   11-12-2017     54     432
 11-13-2017   11-12-2018     54     486
 11-13-2018   11-12-2019     54     540
 11-13-2019   11-12-2020     54     594
 11-13-2020   11-12-2021     54     648
 11-13-2021   11-12-2022     54
 11-13-2022   11-12-2023     54
 11-13-2023   11-12-2024     54
 11-13-2024   11-12-2025     54
 11-13-2025   11-12-2026     54
 11-13-2026   11-12-2027     54
 11-13-2027   11-12-2028     54
 11-13-2028   06-12-2029     31

   TOTAL EARNED AMOUNT........................................:   648
   TOTAL EARNED AND PROJECTED AMOUNT..........................:  1057




G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Handwritten annotations:
- Next to "648": "As of April 2022 - Additional 22.5 days = 648 (4.5 days per month)"
- "+22.5" / "680.5"
- Bottom right: "Exhibit "C""